**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JESÚS VILLALOBOS-PAYAN,

       Petitioner,

v.                                     No. 2:26-cv-00795-MLG-GBW

TODD M. LYONS, in his official capacity
as Acting Director, Immigration and Customs
Enforcement, U.S. Department of Homeland
Security, et al.,

       Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING
RESPONDENTS TO CONDUCT A BOND HEARING PURSUANT TO 8 U.S.C. § 1226(a)**

This matter is before the Court on Petitioner Jesús Villalobos-Payan's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition") filed March 18, 2026. Doc. 1. Villalobos-Payan, a Mexican citizen, is detained at the Otero County Processing Center in Chapparal, New Mexico. *Id.* 1-2 ¶¶ 1-2. He has been detained since February of 2026. *Id.* at 1 ¶ 1. On March 18, 2026, Villalobos-Payan appeared for a bond hearing before an Immigration Judge ("IJ"). Doc. 5 at 2; Doc. 5-4. No custody determination was made as Villalobos-Payan's counsel requested a continuance. Doc. 5-4 at 1. Counsel requested time to obtain the records requested by the IJ before he could make findings regarding Villalobos-Payan's flight risk and danger to the community. Doc. 7 at 4. Counsel also anticipated that the IJ would rule that he lacked jurisdiction to issue bond due to the pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) on the grounds that Villalobos-Payan's custody is governed by 8 U.S.C. § 1225(b)(2)(A). *Id.* at 3.

In his Petition, Villalobos-Payan challenges his continued detention and seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to immediately release him or conduct a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* at 2, 14 ¶ 5.[1] On April 2, 2026, Federal Respondents[2] filed a Response to the Petition. Doc. 5. Villalobos-Payan filed a reply on April 5, 2026. Doc. 7. On April 19, 2026, Villalobos-Payan filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction requesting the same relief as his Petition. *See* Doc. 8; Doc. 1 at 13-14.

In their Response, Respondents move to dismiss the Petition on the grounds that Villalobos-Payan has failed to exhaust his administrative remedies because the IJ did not provide a ruling at the bond hearing. Doc. 5 at 2-3. The "exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief." *Cantrall v. Chester*, 454 F. App'x 679, 681 (10th Cir. 2012) (citation modified) (internal quotation marks omitted) (quoting *Garza v. Davis,* 596 F.3d 1198, 1203 (10th Cir. 2010)). "The Tenth Circuit has recognized a 'narrow exception to the exhaustion requirement' where 'a petitioner can demonstrate that exhaustion is futile.'" *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031, 2025 WL 3187432, at *2 (D.N.M. Nov. 14, 2025) (quoting *Garza*, 596 F.3d at 1203–04).

Villalobos-Payan argues he is not required to exhaust his administrative remedies due to the BIA's opinion in *Matter of Yajure Hurtado*. Doc. 1 at 4 ¶¶ 13-15; Doc. 7 at 3-4. In September

---

[1] He also requests declaratory relief and an order enjoining Respondents from transferring him from the United States District of New Mexico during the pendency of this action. *Id.* at 13-14. The Court in its Order to Show Cause enjoined Respondents from transferring Villalobos-Payan outside the District of New Mexico while this proceeding is pending. Doc. 4 at 2-3.

[2] Secretary of the Department of Homeland Security, the Attorney General for the United States, the Acting Director of the Immigration and Customs Enforcement ("ICE"), and the El Paso Field Office Director of ICE are referred to as "Federal Respondents."

of 2025, the BIA affirmed that IJs do "not have authority over the bond request because aliens who are present in the United States without admission are applicants for admission as defined under Section 235(b)(2)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings." *Hurtado*, 29 I&N Dec. at 220. Here, Respondents assert Villalobos-Payan is being legally detained pursuant to § 1225(b)(2)(A). Doc. 5 at 3-5. Requiring Villalobos-Payan to first receive a ruling from an IJ consistent with *Hurtado* would be futile because the BIA has already found IJs lack authority to grant bond to noncitizens[3] like Villalobos-Payan and the IJ is bound by that precedent. *See Hurtado*, 29 I&N Dec. at 220. The Court therefore declines to require this futile exhaustion. *See Pu Sacvin*, 2025 WL 3187432, at *2 (finding exhaustion did not bar a petitioner's claims because the *Hurtado* decision renders "any attempt to seek relief directly from the agency futile"); *see also McCarthy v. Madigan*, 503 U.S. 140, 148 (1992) (stating that administrative remedies may be inadequate if the administrative body has predetermined the issue), *superseded by statute on other grounds*.

The dispositive question presented by the Petition is whether Villalobos-Payan is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a), or whether he is instead subject to the mandatory detention provision provided by 8 U.S.C. § 1225(b)(2)(A).[4] This Court has been presented with

---

[3] This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

[4] *Compare* § 1226(a)(2) ("On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." (emphasis added)), *with* § 1225(b)(2)(A) ("[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a . . . ." (emphasis added)).

this same issue as applied to similarly situated defendants, and, as in those cases, the Court hereby finds § 1226(a) governs Villalobos-Payan's detention. *See Cortez-Gonzales v. Noem*, 811 F. Supp. 3d 1287, 1295-98 (D.N.M. 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). Like the "vast majority" of courts confronted with this issue, the Court has concluded that § 1226(a)—not § 1225(b)(2)(A)—governs the detention of noncitizens like Villalobos-Payan, who has resided in the United States for almost twenty years. Doc. 5 at 2; Doc. 8 at 3; *see, e.g.*, *Bethancourt Soto v. Soto*, 807 F.Supp.3d 397, 408 (D.N.J. 2025) (emphasis removed) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have been residing in the United States for several years); *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4, n.22 (S.D.N.Y. Nov. 26, 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A).

Federal Respondents argue that Villalobos-Payan is subject to mandatory detention under § 1225(b)(2) because he entered the United States without being admitted or paroled. Doc. 5 at 4. Federal Respondents once again cite the Board of Immigration Appeals' ("BIA") opinion in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *Id.* at 5. The BIA's opinion is not binding on the Court, and the Court rejects the BIA's interpretation of the statutes for the same reasons articulated in its other decisions. *See, e.g.*, *Cortez-Gonzales*, 811 F.Supp.3d at 1298 ("This Court is not bound by the BIA's interpretation of the relevant statutes—particularly when the [interpretation] lacks sound legal foundation."); *see also Loper Bright Enters. v. Raimondo*, 603

4

U.S. 369, 386 (2024) ("The views of the Executive Branch [may] inform the judgment of the Judiciary, but [do] not supersede it."). Federal Respondents also cite the United States Court of Appeals for the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and the United States Court of Appeals for the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). Doc. 5 at 4 n. 2. This is similarly not binding authority, and, respectfully, the Court does not find the majority opinions persuasive.

Federal Respondents also assert the facts of this case differ from previous cases because Villalobos-Payan's wife, a U.S. citizen, filed a Form I-130, Petition for Alien Relative. They claim the filing of this form demonstrates Villalobos-Payan is an "applicant for admission." *See Id.*; *see also* Doc. 8 at 3. This argument fails to consider the plain language of the INA. The INA defines "admission" and "admitted" to mean "with respect to [a noncitizen], the lawful entry of the [noncitizen] into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). Section 1225(b)(2)(A) requires detention "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted . . . ." "The active construction of 'the phrase 'seeking admission' . . . necessarily implies some sort of present-tense action.'" *Cortez-Gonzalez*, 811 F. Supp. 3d at 1296 (quoting *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218 (D. Mass. 2025)). "Noncitizens," like Villalobos-Payan, "who reside in the country for decades are not 'seeking admission.' They are 'no longer seeking to enter the United States (lawfully or otherwise)'—they are already here." *Id.* (quoting *Jimenez v. FCI Berlin, Warden*, 799 F. Supp. 3d 59, 71 (D.N.H. 2025)). Villalobos-Payan's does not seek "lawful entry" to the United States via the Form I-130. Instead, it is Villalobos-Payan and his wife's petition to establish the existence of a bona fide qualifying family relationship so that he may one day apply to be a permanent resident. *See* 8 U.S.C. § 1154; 8 C.F.R § 204.1(a)(1)

(requiring a citizen petitioning for a qualifying relative's classification as an immediate relative or preference immigrant to file a Form I-130); § 204.2 (describing the petition for a spouse).[5] The Form I-130 therefore does not demonstrate Villalobos-Payan is "seeking admission." It is undisputed he has already been living in the country for almost twenty years. Doc. 5 at 2; Doc. 8 at 3. Instead, the Form I-130 is the first administrative step towards a lawful means for Villalobos-Payan to remain here. *See Jimenez,* 799 F. Supp. 3d at 71 (ruling § 1225(b)(2)(A) was inapplicable because the petitioner's application for asylum did not seek "lawful entry" into the United States and he was already residing in the United States for two years).

The Court therefore concludes § 1226(a) governs Villalobos-Payan's detention. Accordingly, the Court hereby grants Villalobos-Payan's request for a bond hearing. Federal Respondents are ordered to provide Villalobos-Payan with an individualized bond hearing pursuant to § 1226(a) before a neutral immigration judge within seven days[6] of this Order's filing. Federal Respondents are further ordered to file a status report within ten days of this Order's filing to certify their compliance. The status report must include when the bond hearing occurred, if bond was granted or denied, and, if bond was denied, the reason(s) for the denial.

---

[5] U.S. Citizenship and Immigration Services ("USCIS") describes the Form I-130 as the form to use if the petitioner (U.S. citizen, lawful permanent resident, or U.S. national) needs to establish their qualifying relationship with an eligible noncitizen relative who wishes to "come to *or stay in* the United States permanently and apply for the Permanent Resident Card (also called a Green Card)." *I-130, Petition for Alien Relative,* USCIS, https://www.uscis.gov/i-130 [https://perma.cc/64U5-U94N] (last updated December 29, 2025) (emphasis added). "The filing or approval of the petition does not give [the noncitizen] relative any immigration status or benefit." *Id.*

[6] The deadlines in this order are to be calculated in accordance with Federal Rule of Civil Procedure 6.

If Villalobos-Payan does not receive a bond hearing in accordance with this Order, the Court may order his immediate release.

Because Villalobos-Payan's Petition is granted, his Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Doc. 8, is moot.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA